64 F.3d 663
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Abdullah Seifuddin SHABAZZ, a/k/a Douglas Maurice Rogers,
Plaintiff-Appellant,
v.
Maurice L. VAN BENSCHOTEN; Robert Brown, Jr., Defendants,
Sherry L. Burt, Defendant-Appellee.
 No. 94-1676.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1995.
 
 Before: JONES, GUY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Abdullah Seifuddin Shabazz, a Michigan state prisoner, appeals pro se the summary judgment for defendant in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Shabazz filed this action for declaratory and monetary relief against the sentencing judge in his state criminal trial, the former Director of the Department of Corrections, and the warden of the institution where he was incarcerated, arguing that the defendants had denied him credit for jail time prior to sentencing, sentence reductions during prison overcrowding emergencies, and good time credits, respectively. Shabazz is serving a 50 to 75 year sentence for armed robbery and a concurrent mandatory life sentence for first degree murder, both imposed in 1970. The district court dismissed the claims against all of the defendants, and Shabazz appealed. This court affirmed the dismissal of the claims for equitable relief, the claim against the judge on the basis of judicial immunity, and the claim against the Director on the basis of qualified immunity. The claim for monetary damages against the warden alleging a denial of good time credits without due process was remanded. On remand, both parties filed motions for summary judgment. The magistrate judge recommended that defendant's motion be granted on the ground that she was entitled to qualified immunity. The district court adopted this recommendation and denied Shabazz's motion for reconsideration. The same arguments are raised on appeal.
 
 
 3
 Upon review, we conclude that defendant was properly found to be entitled to qualified immunity based on the objective legal reasonableness of her actions. See Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982). Shabazz had no constitutional right to good time credits on his concurrent indeterminate sentence that was so clearly established that defendant should have known she was violating that right. See Anderson v. Creighton, 483 U.S. 635, 640 (1987). Some of the evidence submitted on remand makes it unclear whether or not Shabazz has had good time computed on the termination of his sentence for armed robbery, but we shall assume for purposes of argument that he has not. Defendant argued on remand that she relied on Mich. Comp. Laws Sec. 800.33(11), which provides that good time is computed on the basis of the longest of concurrent sentences. Her interpretation of this statute was that good time could not be calculated in this case, because Shabazz has a mandatory life sentence. Although this statute could arguably be interpreted and applied differently, as there was no law contrary to her interpretation, she was entitled to qualified immunity. Shabazz's argument that this section cannot be applied to him because it was not in effect at the time of his conviction lacks merit in light of his admission that this section did not change the Department's longstanding practice of considering concurrent sentences in the aggregate for purposes of good time computations.
 
 
 4
 For the above reasons, the summary judgment in favor of defendant on the basis of qualified immunity is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.